DA 07-0667

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 463N

CURTIS D. WILBER and DEBRA S. WILBER,

      Plaintiffs and Appellants,

  v.

GMAC MORTGAGE CORPORATION,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2003-691
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Darrel L. Moss, Sullivan, Tabaracci & Rhoades, P.C., Missoula, Montana

      For Appellee:

          Christian T. Nygren, Milodragovich, Dale, Steinbrenner & Nygren P.C., Missoula, Montana

          Submitted on Briefs: December 10, 2008

          Decided: December 31, 2008

Filed:

_____
          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    This is an appeal by Curtis and Debra Wilber (the Wilbers) from a judgment entered by the District Court for the Fourth Judicial District, Missoula County, finding in favor of GMAC Mortgage Corporation (GMAC) on the Wilbers' claim that GMAC had breached a forbearance agreement that the parties had negotiated. We affirm.

¶3    The Wilbers took out a loan in May 2000 to purchase a home in the south hills of Missoula. The loan was secured by a trust indenture on the home. In the spring of 2002, the Wilbers fell into arrears on the loan due to the failure of their business. On September 9, 2002, GMAC, who had purchased the loan from the original lender, sent the Wilbers a breach of contract letter. Shortly thereafter, the Wilbers filed for bankruptcy.

¶4    On February 4, 2003, the Wilbers entered into a forbearance agreement with GMAC. Under the terms of this agreement, the Wilbers were to make an initial payment of $6,000 to GMAC on or before February 10, 2003, and then a number of payments commencing on March 15, 2003. On February 7, 2003, at the Wilbers' request, GMAC

modified the agreement by changing the date of the initial payment to February 12, 2003. The Wilbers sent the initial payment of $6,000 to GMAC by that date.

¶5 After receipt of the initial payment, GMAC sent the Wilbers a statement indicating that the date of the next payment under the forbearance agreement was April 15, 2003, rather than March 15, 2003, as previously agreed. A short time later, the Wilbers received a second statement with this same information. The Wilbers contended that when they called GMAC to confirm the date of their next payment, they were told that payment was due on April 15, 2003. Relying on this information, the Wilbers did not make a payment on March 15, 2003.

¶6 Testimony at trial revealed that because the initial payment occurred after the original due date, GMAC's computers entered the initial payment as the Wilbers' March payment instead of their February payment. Because of this error, the Wilbers' statements incorrectly showed that another payment was not due until April 15, 2003.

¶7 On March 25, 2003, the Wilbers received a telephone call from GMAC informing them that they were past due on their payments and that if payment was not received by March 31, 2003, GMAC would foreclose. The Wilbers received a statement to that effect a few days later. The Wilbers did not act on these notices and, instead, sent their payment to GMAC to arrive by April 15, 2003.

¶8 GMAC commenced a trust indenture foreclosure action against the Wilbers on May 7, 2003, and on May 12, 2003, GMAC recorded a Notice of Trustee's Sale with the Clerk and Recorder of Missoula County. GMAC notified the Wilbers of the foreclosure action and the trustee's sale by certified mail dated May 16, 2003.

3

¶9 On August 19, 2003, the Wilbers brought this action alleging that GMAC breached the forbearance agreement. The Wilbers also alleged that GMAC acted in bad faith and committed fraudulent acts in attempting to collect on the underlying loan. GMAC counterclaimed for damages arising out of the alleged breach of the forbearance agreement by the Wilbers. GMAC sought foreclosure on the underlying security (the Wilbers' house) in accordance with the trust indenture, along with the recovery of attorney's fees and costs.

¶10 A jury trial was held on May 15, 17 and 18, 2007. The jury determined that GMAC did not breach the forbearance agreement. Instead, the jury determined that the Wilbers had breached the agreement and that GMAC was entitled to recover damages. The parties had agreed prior to trial that the amount of any damages to be awarded would be determined by the court after trial. Thus, the District Court, based on the jury's verdict, entered a Judgment on Verdict in favor of GMAC in the amount of $230,433.77.

¶11 In addition, the District Court held a hearing on September 24, 2007, regarding GMAC's claim for attorney's fees. At the hearing, the court heard expert testimony on the reasonableness of the attorney's fees requested, after which the court awarded GMAC attorney's fees in the amount of $83,528. The court stated that it found the attorney's fees to be reasonable as this litigation had taken place over a lengthy period of time; had consumed three court files; and both sides had vigorously prosecuted the case on behalf of their clients.

¶12 The Wilbers appeal the District Court's award of damages and attorney's fees claiming that the District Court entered judgment on the underlying loan and not on the

forbearance agreement which was the only agreement between the parties. They complain that the loan itself was never introduced into evidence. The Wilbers also contend that the court erred in awarding attorney's fees and costs when the forbearance agreement did not provide for such an award.

¶13 GMAC argues that all of the parties clearly understood that the terms and conditions of the trust indenture would be incorporated into the forbearance agreement and that the trust indenture provides for an award of attorney's fees. GMAC also argues that it was not required to introduce evidence at trial of the underlying loan because there had been a stipulation of facts as to the existence of the loan.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Having reviewed the record, the District Court's decision, and the parties' arguments on appeal, we hold that the Wilbers failed to establish error by the District Court. In their pretrial order, the Wilbers stated that the fact that they had a loan with GMAC "served by a Trust Indenture on real property" was a fact that they "admitted and agreed to be true, and require[d] no proof . . . ." Moreover, the Trust Indenture provided for the payment of reasonable attorney's fees. Thus, it is manifest on the face of the briefs and the record before us that this appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶15 Affirmed.

/S/ JAMES C. NELSON


We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS